IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT W. WELSH d/b/a BIG TEN DEVELOPMENT, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 08 C 1342 |
| v. | ) ) | |
| THE BIG TEN CONFERENCE, INC., | ) ) | Judge Joan B. Gottschall Magistrate Judge Susan E. Cox |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION FOR STAY OF DISCOVERY

Defendant The Big Ten Conference, Inc. ("the Conference") files this motion for a stay of discovery pending the Court's resolution of the Conference's motion to dismiss the Amended Complaint and request for attorneys' fees, on which motion a briefing schedule already has been set by the Court.

## Background

On March 5, 2008, Plaintiff Robert Welsh ("Welsh") filed his initial Complaint, claiming that a proposed business plan that Welsh submitted to the Conference in early 1998 — which the Conference rejected — gives him eternal federal rights in the "Big Ten Network" name. The Big Ten Network is a 24-hour national cable and satellite TV network focusing on sports-related programming of member institutions of the Conference. The Network began its telecasts in August 2007.

Because there is no diversity jurisdiction in this case, Welsh asserted jurisdiction based solely on a single federal question, namely one Lanham Act count for the Conference's alleged fraudulent procurement of the "Big Ten Network" trademark registration. On March 19, 2008, the Court issued a minute order setting an initial status conference for May 7, 2008.

On April 7, 2008, the Conference responded to Welsh's Complaint by filing a motion to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). In addition, the Conference sought its attorneys' fees on the grounds that Welsh's Lanham Act claim is so baseless that this is an "exceptional case" under 15 U.S.C. § 1117. (For ease of reference, a copy of the Conference's memorandum in support of that motion to dismiss, without attachments, is attached

hereto as Exhibit 1).[1] Specifically, the Conference argued in its supporting memorandum that Welsh's federal claim was completely groundless because he did not allege that he ever made any *commercial use* of the "Big Ten Network" mark, that he also did not (and could not) allege that he ever sought to register any marks, and that a mere idea for a television network is not protectable under the Lanham Act. *See* Exhibit 1, pp. 4-8. In addition, the Conference explained that Welsh's so-called "rights" to the "Big Ten Network" mark clearly would have infringed upon *the Conference's* long-established, incontestable trademark rights to the "Big Ten" name in connection with intercollegiate athletics. Exhibit 1, pp. 8-10.

Shortly after the Conference moved to dismiss the initial Complaint, Welsh sought leave to amend his Complaint. Importantly, Welsh's proposed Amended Complaint contained just one federal count – the same Lanham Act theory referenced above – but again did not include any allegations of either commercial use or registration by Welsh of the "Big Ten Network" mark.

On April 17, 2008, this Court held a hearing on Welsh's motion and granted him leave to amend. The Conference then informed the Court that it intended to respond with a motion to dismiss and suggested that the Court consider setting a briefing schedule since counsel were present. The Court agreed and set the following deadlines: the Conference's motion is due on May 7, Welsh's response is due on May 21, and the Conference's reply is due on June 4, 2008.

At the end of the April 17 hearing, Welsh's counsel asked the Court if he could begin taking discovery. The Conference expressed a general objection to discovery at this early stage, particularly in light of the arguments and request for attorneys' fees set forth in the motion to dismiss. The Court stated that Welsh could begin discovery but also informed the Conference that it was free to file a motion to stay discovery.[2]

---

[1]    In considering motions to stay discovery, courts have recognized their ability to engage in "some cursory review" of a motion to dismiss to determine whether, for example, the defendant has substantial arguments for dismissal. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 338 n.7 (N.D. Ill. 2005) (collecting cases). Thus, the Conference invites the Court to review the attached memorandum (Exhibit 1) in its consideration of the present motion.

[2]    The Court did not indicate on April 17 whether the parties still had to appear for the previously-scheduled initial status conference on May 7th, which, as noted above, was scheduled shortly after Welsh filed this lawsuit. On April 24, 2008, the Conference, in order to avoid potentially unnecessary court appearances, suggested to Welsh that the parties jointly call this Court's Courtroom Deputy to inquire whether an appearance on May 7th would be necessary in light of the Court's rulings one week earlier. The Conference also requested that Welsh serve formal discovery requests on the Conference, since this Court already had permitted him to begin discovery. Welsh did neither. Instead, he inexplicably raced to court and filed a motion to enforce the March 19 case management order.

<u>Argument</u>

Rule 26 of the Federal Rules of Civil Procedure authorizes district courts to limit the scope and establish the timing of discovery. Fed. R. Civ. P. 26(b), (c), (d). The Seventh Circuit has explained that district courts have broad discretion in discovery matters. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Accordingly, "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2040, at 521 (2d ed. 1994). *See also Landstrom v. Illinois Dept. of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990).

In order to protect parties from the burden of responding to discovery that turns out to be unnecessary, many courts in this District have emphasized that a stay of discovery pending resolution of a motion to dismiss is proper; indeed, "such stays are granted with substantial frequency." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). Some districts have a rule prohibiting discovery during the pendency of a motion to dismiss, and in other circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery. *Id.* While the Northern District of Illinois does not apply an automatic rule, judges here have noted that "[n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *Id.* and n.6 (citing nine cases in which courts in this District granted stays of discovery in connection with motions to dismiss). As one court recently observed: "Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case—at least as to the moving party, or where the issue is a threshold one, such as jurisdiction." *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (citations omitted).

This Court, like many other judges in the Northern District, also has granted motions to stay discovery pending resolution of motions to dismiss. *See, e.g., Hill v. Amoco Oil Co.*, No. 97 C 7501, 2001 WL 293628, at *6 (N.D. Ill. Mar. 19, 2001) (Gottschall, J.) ("Defendant Amoco requested, and was granted, a stay of discovery that lasted for nearly 18 months while the parties litigated a dispositive motion to dismiss."). *See also Lantz v. American Honda Motor Co., Inc.*, No. 06 C 5932, 2007 WL 1424614, at *3 (N.D. Ill. May 14, 2007) (noting that court previously had stayed discovery pending resolution of defendant's motion to dismiss); *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002) (granting stay pending

resolution of motion to dismiss because "there is a legitimate possibility that the case could be dismissed" and requiring defendant to engage in discovery "would not be an efficient use of its resources"); *South Austin Coalition v. SBC Communications*, No. 99 C 7232, Dkt. No. 20 (N.D. Ill. April 14, 2000) (staying discovery pending ruling on motion to dismiss); *Cemail v. Viking Dodge, Inc.*, No. 97 C 908, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997) (granting stay of discovery until after ruling on motion to dismiss because it was "the most practical resolution"); *Baxter Healthcare Corp. v. O.R. Concepts, Inc.*, 869 F. Supp. 606, 607 (N.D. Ill. 1994), aff'd, 69 F.3d 785 (7th Cir. 1995). As the Court put it in *Cemail*: "If the motions to dismiss are granted those defendants will be spared the expense of discovery. If they are denied plaintiffs will suffer only a brief delay." *Cemail*, 1997 WL at *1.

In this case, staying discovery pending resolution of the Conference's forthcoming motion to dismiss is particularly appropriate. Welsh has pled only one claim under federal law. The Conference asserted in its motion to dismiss the initial Complaint (and will again assert in its May 7 motion to dismiss the Amended Complaint) that Welsh's federal claim is frivolous and warrants an award of attorneys' fees pursuant to 15 U.S.C. § 1117. If the motion to dismiss is granted, there no longer will be any basis for Welsh to claim that a federal court has jurisdiction over this case. After all, this is not a case in which the Conference's forthcoming motion to dismiss only affects certain parties or certain portions of Welsh's claims.

Rather, the Conference's motion will seek dismissal of the entire Amended Complaint pursuant to Rule 12(b)(6), so no discovery is appropriate at this time. The Court may decide to dismiss all counts of the Amended Complaint. At a minimum, Count I, which is Welsh's only federal claim, should be dismissed, in which case state court discovery rules would apply, assuming Welsh were to re-file his state court claims in state court. Significantly, Illinois state courts have different discovery rules. For example, the Conference would not have to prepare and serve Rule 26(a)(1) disclosures if this case ends up in a state court. Nor could Welsh take seven-hour depositions; the presumptive limit is three hours for discovery depositions, pursuant to Illinois Supreme Court Rule 206(d). These additional reasons support the Conference's argument that it should not be forced to incur substantial expenses and resources engaging in time-consuming discovery in a federal case which it vigorously asserts never should have been filed in this Court, and is so groundless as to warrant an award of attorneys' fees.

In addition, Welsh's counsel has informally requested discovery about the Conference's

trademark search results.  *See* Exhibit 2.  It would be illogical to permit discovery about such matters, particularly where the trademark claim is the principal subject of the Conference's motion to dismiss and its related request for attorneys' fees.

Finally, Welsh will suffer no prejudice whatsoever if the Court grants a stay of discovery. Welsh merely will need to wait a short period of time for the Court to issue a ruling on the Conference's forthcoming motion to dismiss.  There is no allegation in the Amended Complaint that time is of the essence in the prosecution of this litigation.  Nor does Welsh's April 25, 2008 "motion to enforce this court's case management order" provide any explanation why he supposedly needs discovery prior to a ruling on the forthcoming motion to dismiss.  That motion to dismiss will be fully briefed and ready for the Court's consideration in just a few weeks.

## Conclusion

For the foregoing reasons, the Conference respectfully requests that this Court stay all discovery until it has decided the Conference's Rule 12(b)(6) motion and accompanying request for attorneys' fees pursuant to 15 U.S.C. § 1117.

Respectfully submitted,

THE BIG TEN CONFERENCE, INC.

Dated:  April 28, 2008

By:   /s/Andrew S. Rosenman
Andrew S. Rosenman
Richard M. Assmus
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600

5206622.1                                      5

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 28, 2008, copies of the foregoing Defendant's Motion for Stay of Discovery and this Certificate of Service were caused to be served upon the following:

Robert P. Cummins
Thomas C. Cronin
Cummins & Cronin LLC
77 West Wacker Drive, Suite 4800
Chicago, Illinois  60601

via the Electronic Filing System of the U.S. District Court for the Northern District of Illinois.

MAYER BROWN LLP

By:  /s/Andrew S. Rosenman
Andrew S. Rosenman
Richard M. Assmus
71 South Wacker Drive
Chicago, Illinois  60606
(312) 782-0600

5206622.1