IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT W. WELSH d/b/a BIG TEN DEVENLOPMENT, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 1342 |
| v. | ) ) | Judge Joan B. Gottschall |
| | ) | Magistrate Judge Susan E. Cox |
| THE BIG TEN CONFERENCE, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND REQUEST FOR ATTORNEYS' FEES PURSUANT TO 15 U.S.C. § 1117**

Defendant The Big Ten Conference, Inc. (the "Conference"), through its attorneys, moves this Court to dismiss Plaintiff Robert Welsh's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to award the Conference its attorneys' fees pursuant to 15 U.S.C. § 1117.

As explained in the Conference's supporting memorandum of law, this case never should have been filed in federal court. The only federal cause of action alleged in Welsh's three-count Amended Complaint is a frivolous Lanham Act claim (Count I) for alleged fraudulent procurement of the "Big Ten Network" trademark. Welsh has no trademark rights in the Big Ten Network, however, because he has not alleged (and cannot allege) that he ever used the mark in commerce or sought to register any marks at the U.S. Patent & Trademark Office. In fact, the Conference, not Welsh, first used the "Big Ten Network" mark in commerce and filed unopposed trademark applications for the mark. Remarkably, Welsh attempts to claim "ownership" rights in a mark incorporating "Big Ten," in which the Conference holds long-established and incontestable trademark rights related to intercollegiate athletics. Thus, this is a textbook example of an "exceptional case" under the Lanham Act in which the Court should order Welsh to pay the Conference its attorneys' fees and costs.

Welsh's remaining Counts are based on state law and include claims for misappropriation of trade secrets (Count II) and breach of implied-in-fact contract (Count III). The Conference's

5205192

accompanying memorandum establishes that each of those theories also fails to state a claim upon which relief can be granted.  Accordingly, this Court should dismiss the state law claims under Rule 12(b)(6), either in conjunction with the Amended Complaint as a whole or in the unlikely event that the lone federal claim (Count I) somehow survives the present motion to dismiss.

                                            Respectfully submitted,

                                            THE BIG TEN CONFERENCE, INC.

Dated:  May 7, 2008                           By:    /s/Andrew S. Rosenman
                                            Andrew S. Rosenman
                                            Richard M. Assmus
                                            MAYER BROWN LLP
                                            71 South Wacker Drive
                                            Chicago, IL  60606-4637
                                            (312) 782-0600

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on May 7, 2008, copies of the foregoing Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and Request for Attorney Fees Pursuant to 15 U.S.C. § 1117, and this Certificate of Service were caused to be served upon the following:

Robert P. Cummins
The Cummins Law Firm, P.C.
77 West Wacker Drive, Suite 4800
Chicago, Illinois  60601

and

Thomas C. Cronin
Cronin & Co., Ltd.
77 West Wacker Drive, Suite 4800
Chicago, Illinois  60601

via the Electronic Filing System of the U.S. District Court for the Northern District of Illinois.

      MAYER BROWN LLP

        /s/Andrew S. Rosenman
      Andrew S. Rosenman
      Richard M. Assmus
      Emily M. Emerson
      71 South Wacker Drive
      Chicago, Illinois  60606
      (312) 782-0600