# EXHIBIT 1

Westlaw.

43 U.S.P.Q.2d 1203, 1997 WL 398344 (Trademark Tr. & App. Bd.)                                    Page 1

C
43 U.S.P.Q.2d 1203, 1997 WL 398344 (Trademark Tr. & App. Bd.)

THIS OPINION IS CITABLE AS PRECEDENT OF THE T.T.A.B.

Trademark Trial and Appeal Board
Patent and Trademark Office (P.T.O.)

INTELLIMEDIA SPORTS, INC.
v.
INTELLIMEDIA CORPORATION

Cancellation No. 24,801

May 20, 1997

Before Rice, Seeherman and Quinn
Administrative Trademark Judges.

By the Board.

J. E. Rice, E. J. Seeherman, and T. J. Quinn
Administrative Trademark Judges

Respondent Intellimedia Corporation owns a registration[FN1] of the mark INTELLI-MEDIA, for goods identified as "electronic slide systems, namely, a pictorial digital presentation device for enabling computer generated images to be projected onto a remote surface." In the registration, respondent asserts October 19, 1993 as its date of first use of the mark in commerce.

Petitioner Intellimedia Sports, Inc. has petitioned to cancel respondent's registration. As grounds therefor, petitioner alleges that it has been using the mark INTELLIMEDIA since at least as early as December 1991 in connection with the sale of computer software and other related goods, which petitioner alleges are closely related to respondent's identified goods. Petitioner alleges that a likelihood of confusion exists, and that its prior use of the mark bars registration of respondent's mark under Trademark Act Section 2(d). Petitioner also alleges that it owns application Serial No. 74/650,267, by which it seeks registration of the mark INTELLIMEDIA for "computer software, namely, games and instructional videos and interactive software for multimedia training courses in sports skills," and that respondent's Registration No. 1,921,591, involved herein, has been cited as a Section 2(d) bar to registration of petitioner's mark. Finally, petitioner alleges that the registration should be cancelled on the ground of fraud, as discussed more fully below.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

In its answer, respondent has denied the allegations of the petition for cancellation. Respondent also has filed a motion to dismiss petitioner's fraud claim, on the ground that petitioner has failed to allege facts sufficient to state such a claim. Petitioner has contested the motion to dismiss, arguing that it has adequately alleged the elements of a claim for fraud. Petitioner also has moved, in the alternative and in the event that the Board finds its current pleading of its fraud claim to be insufficient, for leave to replead the fraud claim.

In paragraph 10 of the petition for cancellation, the portion of the pleading which is involved in this motion, petitioner has alleged its fraud claim as follows:

> 10. On information and belief, Registrant has obtained the registration by fraudulent means. Specifically, at the time Registrant signed its oath in support of its registration, there was, in fact, another use of the same or confusingly similar mark as that sought to be registered by Registrant; the other user of the mark, Petitioner, had legal rights superior to that of the Registrant; on information and belief, the Registrant knew or should have known that Petitioner had superior rights in the mark; after the filing of the application, and prior to the issuance of the registration, the Registrant was informed by Petitioner of the Petitioner's superior rights in the mark INTELLIMEDIA; upon information and belief, Registrant failed to disclose to the PTO Petitioner's superior rights in the mark; upon information and belief, Registrant, in failing to disclose the fact that Petitioner had superior rights in the INTELLIMEDIA mark to Registrant (sic), intended to procure and did procure a registration to which it was not entitled. Thus, upon information and belief, Registrant made a false representation regarding a material fact; had knowledge or belief that the representation was false; made the false representation with the intention to induce the PTO to act in reliance on the misrepresentation; the PTO reasonably relied on the misrepresentation and Petitioner has suffered damages proximately resulting from such reliance.

**\*2** The allegedly fraudulent application oath to which petitioner's pleading refers was signed by respondent's president and reads as follows:

> Michael L. Holstein being warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this application on behalf of the applicant; that he believes the applicant is the owner of the trademark sought to be registered; that under the provisions of 15 U.S.C. 1051(a), pursuant to which this application is being filed, he believes the applicant is entitled to use such mark in commerce; to the best of his knowledge or belief no other person, firm, corporation or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> confusion, or to cause mistake, or to deceive; and that all of the statement made of his own knowledge are true and all statements made on information and belief are believed to be true.

We have reviewed petitioner's pleading in its entirety, and have carefully considered the parties' arguments. We conclude that respondent's motion to dismiss petitioner's fraud claim is well taken, and accordingly grant the motion.

A motion to dismiss is a test solely of the allegations set forth in a pleading. For purposes of such a motion, all well pleaded factual allegations of the complaint[FN2] are accepted as true and the complaint is viewed in the light most favorable to the non-moving party. Accordingly, a motion to dismiss will not be granted unless it appears to a certainty that the plaintiff has failed to allege any facts which would support a cause of action under the statute. See Stanspec Co. v. American Chain & Cable Co., Inc., 531 F.2d 563, 189 USPQ 420 (CCPA 1976); Space Base Inc. v. Stadis Corp., 17 USPQ2d 1216 (TTAB 1990).

Furthermore, pursuant to Trademark Rule 2.116(a), the sufficiency of petitioner's pleading of its fraud claim in this case also is governed by FRCP 9(b), which provides as follows:

> **(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

To withstand a motion to dismiss, a plaintiff claiming that the declaration or oath in defendant's application for registration was executed fraudulently, in that there was another use of the same or a confusingly similar mark at the time the oath was signed, must allege particular facts which, if proven, would establish that: (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which it was not entitled. See International House of Pancakes, Inc. v. Elca Corp., 216 USPQ 521 (TTAB 1982). See also King Automotive, Inc. v. Speedy Muffler King, Inc., 667 F.2d 1008, 212 USPQ 801 (CCPA 1981); American Security Bank v. American Security and Trust Company, 571 F.2d 564, 197 USPQ 65 (CCPA 1978); Kemin Industries, Inc. v. Watkins Products, Inc., 192 USPQ 327 (TTAB 1976); Colt Industries Operating Corp. v. Olivetti Controllo Numerico S.p.A., 221 USPQ 73 (TTAB 1983); SCOA Industries Inc. v. Kennedy & Cohen, Inc., 188 USPQ 411 (TTAB 1975).

*3 In this case, for the reasons discussed below, we find that petitioner has failed to state a claim for fraud because it has failed to plead particular facts

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

sufficient to establish the third and fourth elements of the claim, as listed above.

In King Automotive, Inc. v. Speedy Muffler King, Inc., supra, the Court affirmed the Board's dismissal of a petitioner's fraud claim under FRCP 12(b)(6). The petitioner therein had pleaded particular facts purported to establish the third element of a fraud claim, i.e., that the respondent had personal knowledge of third-party use of the same or similar marks when respondent signed its application oath. The Court agreed with the Board in finding that petitioner had failed to comply with the pleading requirements for fraud set forth by FRCP 9(b).
> While Rule 9(b) does not require the pleading of detailed evidentiary matters, we agree with the board that appellant has not stated with sufficient specificity the factual bases for its allegations of appellee's fraudulent misrepresentations to the PTO . . . Even if the disclosures in the trademark search report supported appellant's contention that Discoverer [respondent/appellee] knew of the alleged third-party use of MUFFLER KING (and on this point we express no opinion), appellant's conclusory statement that Discoverer _knew_ its declaration to be untrue is not supported by a pleading of any facts which reflect Discover's _belief_ that the respective uses of MUFFLER KING and SPEEDY MUFFLER KING would be likely to confuse.

King Automotive, Inc., supra, 212 USPQ at 802 (citations omitted; emphasis added).

Similarly, in American Security Bank v. American Security and Trust Company, supra, the Court rejected the opposer's/appellant's claim that, because opposer was an actual user of the mark in question at the time the application declaration was signed, the applicant/appellee had committed fraud when it averred, in its application declaration, that it had the exclusive right to use the mark.
> "Appellant [opposer] misreads the cited statute and rules [15 U.S.C. Section 1051 and Trademark Rule 2.33]. They require the statement of _beliefs_ about exclusive rights, not their actual possession. Appellant has produced no evidence impugning appellee's [applicant's] beliefs."

American Security Bank, supra, 197 USPQ at 67. (Emphasis in original.)

The Board has noted:
> . . .the allegations of ownership and exclusive use contained in the declaration or verification accompanying an application are made upon "belief" and/or "information and belief" and, as such, are couched in such a manner as to preclude a definitive statement by the affiant that could be ordinarily used to support a charge of fraud.

Kamin Industries, Inc. v. Watkins Products, Inc., supra, 192 USPQ at 329 (TTAB 1976). See also Trademark Act Section 1(a)(1)(A), 15 U.S.C. Section 1051(a)(1)(A); Trademark Rule 2.33(b)(1), 37 C.F.R. Section 2.33(b)(1). Citing Kemin Industries, supra, one commentator has pointed out that "[t]he oath is phrased in terms of a subjective _belief_, such that it is difficult, if not impossible, to prove objective falsity and fraud so long as the affiant or declarant has an honestly held, good faith belief." J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competi-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tion (3d Ed., 12/96) at Section 31:76 (emphasis in original).

**\*4** In determining whether an applicant, when it signed its application oath, held an honest, good faith belief that it was entitled to registration of its mark, the Board frequently has held that an applicant's failure to disclose to the PTO the asserted rights of another person is not fraudulent unless such other person was known by applicant to possess a superior or clearly established right to use the same or a substantially identical mark for the same or substantially identical goods or services as those in connection with which registration is sought. If the parties' respective marks and goods or services are not substantially identical, then the applicant has a reasonable basis for believing that contemporaneous use of such marks by the parties, on or in connection with their respective goods or services, is not likely to cause confusion. The applicant's averment of that reasonable belief in its application declaration or oath is not fraudulent. See Space Base Inc. v. Stadis Corp., supra, 17 USPQ2d at 1218-19 (TTAB 1990); Colt Industries Operating Corp. v. Olivetti Controllo Numerico S.p.A., supra, 221 at 76 (TTAB 1983); SCOA Industries Inc. v. Kennedy & Cohen, Inc., supra, 188 USPQ at 414 (TTAB 1975). See also Yocum v. Covington, 216 USPQ 211 (TTAB 1982) (applicant possessing at least color of title to the mark had reasonable basis for believing that it had the exclusive right to use the mark, and is not guilty of fraud in executing application oath to that effect). Similarly, if the other person's rights in the mark, vis-a-vis the applicant's rights, are not known by applicant to be superior or clearly established, e.g., by court decree or prior agreement of the parties, then the applicant has a reasonable basis for believing that no one else has the right to use the mark in commerce, and the applicant's averment of that reasonable belief in its application declaration or oath is not fraudulent.

In short, under FRCP 9(b) and the authorities discussed above, a sufficient pleading of the third element of a fraud claim must consist of more than a mere conclusory allegation that the defendant "knew" about a third party's superior rights in the mark. The plaintiff must plead particular facts which, if proven, would establish that, as of the application filing date, the defendant believed that the third party had superior or clearly established rights and that a likelihood of confusion would result from applicant's use of its mark. Alternatively, the plaintiff must plead particular facts (e.g., substantial identity between the parties' marks and goods or services, or a prior court decree or agreement of the parties which clearly establishes the other person's rights in the mark), which, if proven, would establish that, at the time the application was filed, defendant had no reasonable basis for its averred belief that no other person had a right to use the same or a confusingly similar mark on or in connection with the goods or services identified in the application.

**\*5** Applying these principles to this case, it is clear that petitioner has failed to plead particular facts which, if proven, would establish the third element of its fraud claim. Petitioner has alleged that respondent, at the time respondent signed the application for registration of its mark, "knew or should have known"

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that Petitioner had superior rights in the mark. In addition to being merely conclusory, this allegation is insufficient because it does not set forth any particular facts which, if proven, would establish that respondent believed, or had no reasonable basis not to believe, that petitioner had a superior or clearly established right to use the same or a substantially identical mark on or in connection with the same or substantially identical goods as those set forth in the application for registration.

Petitioner also has alleged that "after the filing of the application, and prior to the issuance of the registration, the Registrant was informed by Petitioner of the Petitioner's superior rights in the mark INTELLIMEDIA." This allegation also fails to set forth sufficient facts to establish the third element of a fraud claim. The fact that petitioner "informed" respondent that petitioner had superior rights in the mark, while perhaps establishing that petitioner believes itself to have such rights, is clearly insufficient, even if proven, to establish that respondent believed that petitioner's rights in the mark were superior to its own and that confusion would be likely to result from respondent's use of its mark. It is respondent's belief, not petitioner's, that is at issue here.

Furthermore, petitioner's allegation that respondent "was informed by Petitioner of the Petitioner's superior rights in the mark" is insufficient because it is devoid of any details regarding the substance of petitioner's alleged communication to respondent. If, as alleged here by petitioner, petitioner's communication to respondent consisted solely of this merely conclusory claim of "superior rights" in the mark[FN3], then petitioner's allegation, even if proven, would not establish that respondent knew and believed that petitioner had superior rights in the mark and that a likelihood of confusion would result from respondent's use of the mark, nor would it establish that respondent had no reasonable basis for holding a contrary belief. See Colt Industries Operating Corp. v. Olivetti Controllo Numerico S.p.A., supra, 221 USPQ at 76 (applicant has no duty to notify PTO of a third party's bare unsubstantiated allegation of superior rights in the applied-for mark).

In summary, petitioner has alleged no facts which, if proven, would impugn respondent's president's belief, as stated in the application declaration, that "to the best of his knowledge or belief no other person, firm, corporation or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive," nor has petitioner alleged any facts which would impugn the reasonableness of respondent's declared belief. See American Security Bank v. American Security and Trust Company, supra, 197 USPQ at 67.

*6 For the reasons discussed above, we find that petitioner has failed to plead particular facts sufficient to establish the third element of its fraud claim, i.e., that respondent, at the time it signed its oath, either believed that peti-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tioner had superior or clearly established rights in the mark or had no reasonable basis for believing otherwise. A fortiori, petitioner also has failed to sufficiently plead the fourth element of the claim, i.e., that respondent willfully deceived the PTO by failing to disclose petitioner's rights in the mark, in an effort to obtain a registration to which it knew it was not entitled. See Colt Industries Operating Corp. v. Olivetti Controllo Numerico S.p.A., supra, 221 USPQ at 76.

In view thereof, respondent's motion to dismiss petitioner's fraud claim is **granted.** See FRCP 12(b)(6). Paragraph 10 of the petition for cancellation is stricken, and shall be given no further consideration.

If petitioner believes that it has a claim for fraud under the legal principles discussed in this opinion, petitioner is allowed until **twenty days** from the date of this order to file and serve an amended pleading which states such a claim. Respondent is allowed until **thirty days** from the date of service of the amended petition, if any, to file and serve its answer or other response thereto. The Board shall then issue an order setting trial dates. If petitioner does not file an amended petition within the time allotted, the Board shall issue an order setting trial dates for petitioner's Section 2(d) claim.

Proceedings herein otherwise remain suspended.

J. E. Rice

E. J. Seeherman

T. J. Quinn

Administrative Trademark Judges

Trademark Trial and Appeal Board

FN1. Registration No. 1,921,581, issued on September 26, 1995.

FN2. In cancellation proceedings before the Board, the petition for cancellation corresponds to the complaint in a court proceeding. See Trademark Rule 2.116(c).

FN3. We note that the issues of whether petitioner's rights in the mark are superior to respondent's, and whether a likelihood of confusion exists, are the very issues to be decided in this case in connection with petitioner's Section 2(d) claim. It does not appear from petitioner's pleading that these issues have been decided previously. See Colt Industries, supra, 221 USPQ at 76.

43 U.S.P.Q.2d 1203, 1997 WL 398344 (Trademark Tr. & App. Bd.)
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.